(36 South. 814.)

No. 14,709.

FINNEY et al. v. GULF STATES LAND & IMP. CO. et al.*

(March 14, 1904.)

TAXATION—DELINQUENT LIST — FILING — EVIDENCE.

1. A delinquent list containing the name of the delinquent taxpayer, the amount of the tax, and a description of the property, was duly recorded by the tax collector in the office of the recorder of mortgages. Afterwards another delinquent list containing the name of the taxpayer and the amount of the tax, but not a description of the property, was published by

---

*Rehearing denied June 6, 1904.

the State Auditor in compliance with section 8, p. 100, Act No. 47 of 1873. *Held*, that the fact that the auditor thus published the latter list in compliance with section 8, p. 100, Act No. 47 of 1873, does not prove that the former list, or a copy thereof, was filed in his office in compliance with section 68, p. 122, Act No. 42 of 1871, nor that the property in question was adjudicated at tax sale under Act No. 47, p. 98, of 1873. The publication under section 8, p. 100, Act No. 47, of 1873, has for its sole and exclusive purpose the forfeiture of the right of the delinquent taxpayer to bring suit and be a witness in a court of justice. It aims at the taxpayer individually, and not at the property, and is no part of the process of either forfeiting the property under Act No. 42, p. 104, of 1871, or selling it under Act No. 47, p. 98, of 1873.

2. To vest the taxpayer's title in the state under section 68, p. 122, Act No. 42 of 1871, there had to be a filing in the State Auditor's office of a copy of the same delinquent list which the tax collector had caused to be recorded in the office of the recorder of mortgages; that is to say, of a delinquent list containing, in addition to the name of the taxpayer and the amount of the tax, a description of the property.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Adrian M. Finney and others against the Gulf States Land & Improvement Company and others. Judgment for defendants, and plaintiffs appeal. Reversed.

McCloskey & Benedict, for appellants. J. Zach. Spearing, for appellees.

PROVOSTY, J. Defendant derives title from the state, and claims that the property in controversy was either forfeited to the state under Act No. 42, p. 104, of 1871, for unpaid taxes of 1871, or sold to the state for the taxes of that year under Act No. 47, p. 98, of 1873.

Forfeitures or sales for taxes of other years are pleaded, but, as they are not insisted on in the brief, we do not feel called upon to give them any attention.

We cannot be positive from the brief whether defendant is relying or not upon a forfeiture or sale for the taxes of 1875. If

he is, then suffice to say that there is no evidence whatever of such sale or forfeiture beyond the recordation of the delinquent list of the taxes of 1873 in the office of the recorder of mortgages. So far as the certificates of the Auditor of Public Accounts, hereinafter referred to, are concerned, they bear date August 12, 1873, long before the taxes of 1873 could possibly have become delinquent; hence they could not possibly have had reference to the taxes of 1873.

The delinquent list of the taxes of 1871 was duly recorded in the office of the recorder of mortgages on December 10, 1872. It contained a correct description of the property in question, and the correct name of the taxpayer and amount of the taxes due, and was otherwise in strict accordance with sections 66, 67, and 68, Act No. 42, p. 122, of 1871, providing the mode of proceeding for the forfeiture of property on which taxes were delinquent. Had this recordation been followed up by a filing of the delinquent list, or a copy thereof, in the office of the Auditor of Public Accounts, as required by section 68, Act No. 42, p. 122, of 1871, the property would unquestionably have been forfeited to the state; but, unfortunately for defendant's contention, this essential step was not taken.

The evidence on the subject consists exclusively of the following two certificates of the auditor, of which we copy one in full, as follows:

"State of Louisiana,

"Auditor's Office,

"Baton Rouge.

"I, the undersigned, Auditor of Public Accounts of the State of Louisiana, do hereby certify that the following is a true and correct copy of the certificate of Chas. Clinton, Auditor, and a true and correct extract of the published List of Delinquent Taxpayers of the Parish of Orleans, filed in this office and dated August 13th, 1873, to-wit:

" 'Delinquent State Taxpayers of the Parish of Orleans.

" 'State Auditor's Office,

" 'New Orleans, Aug. 12th, 1873.

" 'The following taxpayers in the Parish of Orleans, delinquent for taxes for amounts set opposite their respective names, are hereby published under the provisions of Act No. 47 of 1873, and after thirty days from the first publication hereof they forfeit, under and by virtue of said act, their right to bring suit or be witness for or in their own behalf before any court having jurisdiction within this State, nor will any civil process of any kind or nature whatever be issued in their own name or for their own behalf, until they shall have procured from the Auditor of Public Accounts a certificate to the effect that all delinquent taxes and costs thereon have been paid.                Charles Clinton,

" 'Auditor of Public Accounts.

" 'First District.

" 'McMahon, B., Mrs.        Mc.        $215.25

" 'Witness my official signature and seal of office this, 20th day of December, 1894.

" '[Signed]                W. W. Heard,

" '[Seal.]                        Auditor.' "

The second of the certificates is exactly, word for word, like the one here copied, except that the part thereof descriptive of the property in question is as follows:

"First District."

"McMahon, M., widow.        Mc.        $54.00"

These certificates do not show that the delinquent list recorded in the office of the recorder of mortgages, or any copy thereof, was filed in the office of the Auditor of Public Accounts. They show nothing more than that the auditor complied with section 8, p. 100, Act No. 47, of 1873, requiring him to publish for 30 days in the official journal a

delinquent list containing the name of the taxpayer and the amount of the tax. The object of this publication was not to forfeit the property of the taxpayer, but to forfeit his right to bring suit and be a witness in a court of justice. The preparation of this list and the publication of it was solely and exclusively to comply with section 8, p. 100, Act No. 47, of 1873, to forfeit, as just stated, the right of the delinquent taxpayer to bring suit and be a witness. It was no part of, and had nothing whatever to do with, the proceedings under Act No. 42, p. 104, of 1871, for the forfeiture of the property.

As stated by Auditor Heard in his certificate, the delinquent list to which the above certificates of Auditor Clinton have reference is the "published" delinquent list; that is to say, the list which section 8, p. 100, Act No. 47, of 1873, required the auditor to "publish" for 30 days in the official journal, for the purpose of forfeiting the right of the taxpayer to bring suit and be a witness in a court of justice.

The list itself on its face shows plainly that it was made solely with a view to compliance with section 8, p. 100, Act No. 47, of 1873, and not with any view to compliance with section 68, p. 122, Act No. 42 of 1871. It contains only the name of the taxpayer and the amount of the tax, which is all that is required by section 8, p. 100, Act No. 47 of 1873; and it does not contain a description of the property, as is required of the list provided for by section 68, p. 122, Act No. 42, of 1871. The list referred to in section 68 is the same list that is required by section 66 to be recorded in the office of the recorder of mortgages, or a copy thereof; and the latter list is expressly required to contain a description of the property. The words of the statute (section 66) are: "Shall contain a description of the lands and lots as set forth in the assessment roll."

We conclude that the delinquent list for the taxes of 1871 was not filed in the office of the auditor as required by section 68, p. 122, Act No. 42 of 1871. Without such filing there could be no forfeiture. The language of the act is: "That the delinquent list when so filed in the office of the Auditor of Public Accounts shall be entered by him on a record kept for that purpose, and shall vest, from the day of filing, a title to the lands and lots therein returned, in the state of Louisiana," etc. The delinquent list when so filed vests the title in the state. Therefore, until the delinquent list is filed, no title vests in the state. So expressly decided in George v. Cole, 109 La. 816, 33 South. 784.

So far as a sale under Act No. 47, p. 98, of 1873, is concerned, what is meant thereby is an adjudication of the property to the state by the tax collector after advertisement in the manner of an ordinary judicial sale by a sheriff. Section 1, p. 98, Act No. 47 of 1873. That the above certificates do not show, and do not even distantly purport to show, such an adjudication is patent.

We conclude that a forfeiture or sale of the property in question to the state is not shown, and that plaintiffs are entitled to judgment.

We pay no attention to the auditor's certificate which plaintiffs offered on the appeal. It refers to the tax of 1871, and the agreement of the parties for the production of certificates on the appeal had reference exclusively to the taxes of 1873.

There is no contest of the amount claimed by defendant in reconvention for taxes, etc., paid on the property, and this claim is accordingly allowed in full, as prayed for in the answer.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that there now be judgment perpetuating the injunction herein issued, and decreeing the plaintiffs to be the owners

of the property in controversy, and annulling the several tax titles in favor of the defendant and its authors set up in the answers to this suit.

And it is further ordered, adjudged, and decreed that defendant have judgment against the plaintiffs in the proportions in which they are owners of the property in controversy for the following amounts, with interest thereou as prayed for in the answer, as follows:

$198.02, with 5 per cent. per annum interest thereon from June 20, 1889.

$10, with like interest from July 9, 1891.

$343.40, with like interest from December 8, 1891.

$78.90, with like interest from December 8, 1891.

$101, with like interest from August 13, 1892.

$37.50, with like interest from December 30, 1892.

$100, with like interest from July 28, 1893.

$35, with like interest from December 28, 1893.

$35, with like interest from December 28, 1894.

$210, with like interest from August 5, 1895.

$100, with like interest from August 10, 1896.

$440.60, with 10 per cent. per annum interest from December 22, 1896.

$220.30, with 5 per cent. per annum interest from December 22, 1896.

$73.50, with like interest from December 24, 1896.

$34, with like interest from December 24, 1896.

$100, with like interest from August 9, 1897.

And it is further ordered, adjudged, and decreed that the defendant pay the costs of this suit.

The CHIEF JUSTICE absent, sick.